## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JON P. JOYNER** | * | **CASE NO. 19-CV-14234** |
| **v.** | * | **SECTION "J" (1)** |
| **CHAD WOLF, ACTING SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY** | * * | **JUDGE LEMELLE** |
| | * | **MAGISTRATE WILKINSON** |

* * *

## <u>DECLARATION OF CURRITA WADDY</u>

I, Currita Waddy, hereby declare under the provisions of 28 U.S.C., Section 1746 as follows:

1.    I am Assistant Chief Counsel with the Office of Chief Counsel, U.S. Customs and Border Protection ("CBP" or "Agency"), U.S. Department of Homeland Security in New Orleans, Louisiana.  My duties include providing legal services to fulfill the Agency's mission.

2.    As Assistant Chief Counsel, New Orleans, my office maintains in the course of official business, and I have access to, the pleadings filed by the parties and the orders issued by the Equal Employment Opportunity Commission ("EEOC") in the appeal filed by the Plaintiff to the EEOC, Office of Federal Operations (EEOC Appeal Number 2019003873). I have reviewed these pleadings and orders for this declaration and the following attached documents are true and correct copies of the documents maintained by my office in the course of official business:

   a.    **Exhibit B-1** – Agency's Brief in Opposition to Plaintiff's EEOC appeal including attached declarations from Chief Patrol Agent Greg Bovino and Supervisory Border Patrol Agent Christopher Bullock, dated July 16, 2019.

   b.    **Exhibit B-2** – EEOC's decision, dated September 10, 2019.

<span style="color:red">Exhibit B</span>

3.      I declare under penalty of perjury that the foregoing is true and correct.


_ March 31, 2020 _
Date

*Currita C. Waddy*
Currita Waddy
Assistant Chief Counsel
U.S Customs and Border Protection

**IN THE**

**OFFICE OF FEDERAL OPERATIONS**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**WASHINGTON, D.C.**

_____

EEOC Appeal No. 2019003873
Agency Case No. HS-CBP-00456-2019

JON P. JOYNER,

Complainant

v.

DEPARTMENT OF HOMELAND SECURITY,
(DHS) CUSTOMS AND BORDER PROTECTION

Agency.

_____

**AGENCY'S BRIEF IN OPPOSITION TO APPEAL**
_____

Bryan K. Luby, Senior Attorney
Office of Assistant Chief Counsel
U.S. Customs & Border Protection
423 Canal St., Ste. 209
New Orleans, LA 70130
(504) 670-2379 (Office)
(504) 670-2383 (Facsimile)

Dated:  July 16, 2019

Exhibit B-1

DHS025

**UNITED STATES OF AMERICA**
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**OFFICE OF FEDERAL OPERATIONS**

| | | |
|---|---|---|
| JON P. JOYNER, | ) | EEOC Appeal No. 2019003873 |
| | ) | |
| Complainant | ) | Agency Case No. HS-CBP-00456-2019 |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HOMELAND | ) | Dated: July 16, 2019 |
| SECURITY, | ) | |
| | ) | |
| Agency. | ) | |
| | ) | |

## AGENCY'S BRIEF IN OPPOSITION TO APPEAL

The United States Department of Homeland Security, U.S. Customs and Border Protection (CBP or the Agency) hereby opposes the appeal of Complainant Jon P. Joyner (Appellant). The appeal must be dismissed because, as explained in the Agency's *Procedural Dismissal*,[1] Appellant failed to timely initiate contact with an Equal Employment Opportunity (EEO) counselor.

**I.   Relevant Facts:**

1. On March 30, 2018, the Division Chief position, GS-1895-14, was advertised on USAJOBS' website, under vacancy announcement number USBP-IMP-10168092-JRB. *See Info. Relied Upon for PD*[2] at §2-A *EEO Counselor's Report* Item 20, bullet 1 & §7-D *Vacancy Announcement* (Adobe[3] pp. 11, 27, & 101).

2. On April 11, 2018, Complainant applied for the Division Chief position, via the USAJOBS Website. *See id.* at Item 20, bullet 2 & attached USAJOBS' Application Status Notifications (Adobe pp. 11, 37, & 38).

---

[1] The Agency's *Procedural Dismissal* is uploaded onto the EEOC's FEDSEP portal and denominated "*PD_Joyner.J.*"

[2] *Info. Relied Upon for PD* is uploaded onto the EEOC's FEDSEP portal. The file consists of 119 pages. "Adobe" page numbers appear as the numerator (*e.g.*, 12 /119) at the top of *Adobe* program's presentation screen.

[3] *Adobe* page numbers are those, which appear at the top of the Adobe program. "Adobe" page numbers appear as the numerator (*e.g.*, **12 /119**) at the top of *Adobe* program's presentation screen.

DHS026

3. On May 11, 2018, Appellant received USAJOBS' emailed notification that USBP-IMP-10168092-JRB had been cancelled. *See Info. Relied Upon for PD* at §2-A, *EEO Counselor's Report* Item 20, bullet 5; USAJOBS' Application Status Notifications (Adobe pp. 11 & 38).

4. On August 6, 2018, at his weekly staff meeting, selecting official, Chief Patrol Agent (Chief) Gregory Bovino announced to the attendees—among whom was the Appellant—that the position of Division Chief had been filled, via the non-competitive, lateral reassignment of selectee, Chris Bullock, from the U.S. Border Patrol's Tucson Sector. *See Info. Relied Upon for PD* at §2-A, *EEO Counselor's Report* Item 25, ¶3; *Id.* §3-C *Clarification Response* at Answers (Ans.) B. & D. (Adobe pp. 14, 57, & 58); Exh. 1 *Declaration* (Decl.) of Chief Bovino at ¶3.

5. Chief Bovino further announced at the August 6, 2018 staff meeting, that Selectee Bullock would be reporting for duty on October 14, 2018. *See* Exh. 1, *Decl.* of Chief Bovino at ¶4.

6. Before making his August 6, 2018, Division-Chief-selection announcement, Chief Bovino had secured approval and funding authorizations from U.S. Border Patrol Headquarters' highest echelons of management. *See* Exh. 1, *Decl.* of Chief Bovino at ¶5.

7. On November 28, 2018, Complainant initiated contact with an Equal Employment Opportunity (EEO) Counselor. *See Info. Relied Upon for PD* at §2-A, *EEO Counselor's Report* Item 4; *Id.* Email, subject-lined: "Informal EEO Complaint" (Adobe pp. 10 & 16).

8. On March 5, 2019, EEO Specialist (Investigator) Danielle N. Davidson, of CBP's Privacy and Diversity Office (PDO), emailed Appellant a letter requesting clarification as to why he hadn't contacted an EEO counselor within 45 days of learning, on August 6, 2018, that he wasn't selected for the Division Chief position. *See Info. Relied Upon for PD* at §3-B, *Clarification Letter* (Adobe pp. 52-54).

   a. The letter propounded a series of questions (A-K), designed to give Appellant an opportunity to explain why the 45-day time frame should be extended *See id.*

9. On March 15, 2019, Appellant emailed his reply to EEO Investigator Davidson. *See Info. Relied Upon for PD* at §3-C (Adobe p. 56). Attached to that email, were Appellant's written answers to questions A-K. *Id.* (Adobe pp. 57-59). In his 3/15/19 *Clarification Response*, Appellant answered:

   a. That, while he'd attended the August 6, 2018 staff meeting, and he'd heard Chief Bovino announce his selection of Chris Bullock for the Division Chief position,

DHS027

Appellant didn't regard Chief Bovino's selection announcement as an "official notification." *See Info. Relied Upon for PD* at §3-C Ans. B. (Adobe p. 57) ("I was first made aware unofficially that I was not selected during a PAIC meeting held in August 2018 when Chief Bovino mentioned that he had selected Agent Bullock."); and *Id.* Ans. D. ("I was in attendance and it is accurate that Chief Bovino announced that he had unofficially selected Agent Bullock for the position.").

b. That instead of immediately contacting an EEO counselor after Chief Bovino notified Appellant that Chris Bullock was the Chief's Division-Chief selectee, Appellant chose to wait until Selectee Bullock had physically, "officially" reported for duty as Division Chief on October 14, 2018. *See Info. Relied Upon for PD* at §3-C *Clarification Response* at Ans. B - D. (Adobe pp. 57-58).

 i. Appellant theorizes that, since his non-selection complaint arises from a "personnel action," the timeframe for him to seek EEO counseling didn't commence until the day the Selectee physically reported for duty. Since Selectee Bullock's first duty day as the Sector's new Division Chief was October 14, 2018, Appellant further posits, his November 28, 2018 counselor contact was timely initiated. *Id.* at Ans. C - G. (Adobe p. 58); *see generally*, Appellant's March 29, 2019 letter in support of Appeal (FEDSEP Doc. "NOA Joyner, J." at Adobe p. 2).

 ii. Appellant also inexplicably asserted in his 3/15/19 Clarification Response that "[he] did not know the race of the selectee until he actually entered on duty, which was October 14, 2018." *See* §3-C *Clarification Response* at Ans. F. (Adobe p. 58).

  a) Between May and November, 2012, Appellant and Selectee Bullock worked together at the Tucson, Arizona Border Patrol Station (TUS). The two men knew one another as managerial coworkers and periodically greeted one another in their shared TUS workplace. The two men also engaged in friendly conversation on numerous occasions. Moreover, when Selectee Bullock was preparing to transfer to the San Diego Sector in November of 2012, he and Appellant visited repeatedly in the office that Selectee Bullock was in the process of vacating and Appellant would soon be occupying. *See* Exh. 2, *Decl.* of Chris Bullock at ¶¶2-5; *see also Info. Relied Upon for PD* at §2-A *EEO Counselor's Report* at Item 26, ¶3 ("[Appellant] knows Division Chief

3

Bullock, because he worked with him at Tucson Sector. Division Chief Bullock does not have the qualifications that [Appellant] has.") (Adobe p. 14).

10. Appellant readily admits his familiarity with, and training upon, the requirement that he contact an EEO counselor within 45 calendar days of becoming reasonably suspicious that discrimination had prompted his non-selection for the Division-Chief position. *See Info. Relied Upon for PD* at §3-C *Clarification Response* at Ans. G-K. (Adobe pp. 58-59).

   a. Appellant attached to his March 15, 2019 *Clarification Response*, a certificate evidencing his November 28, 2017 completion of the *DHS No FEAR Act and Anti-harassment* online training. *See id.* at Ans. H; *see also, id.* at §7-A, *No Fear Act Training* slides; §7-C (Appellant's EEO-Training Records 2006-2017). (Adobe pp. 60, 78-79, & 91-99).

   b. Appellant "assumes" he's received the CBP Commissioner's Anti-Discrimination and Anti-Harassment Policy Statement. *See id.* §3-C *Clarification Response* at Ans. I; *see also, id.* at §7-B, *Anti-Discrimination and Anti-Harassment Policy Statement.* (advising CBP employees of 45-day timeframe for filing discrimination complaints) (Adobe pp. 59 & 83).

   c. Appellant admits that he has "seen the EEO posters displayed in various locations around the work location." *Id.* §3-C *Clarification Response* at Ans. J; *see also, id.* at §7-A, EEO Poster (Adobe pp. 59 & 80).

   d. Appellant admits that he has seen the EEO messages in the comments section of his electronic pay stubs. *Id.* §3-C *Clarification Response* at Ans. K; *see also, id.* at §7-A, *Leave & Earnings Remarks* (Adobe pp. 59 & 68-72).

## II.    <u>Issue:</u>

**Whether the Agency properly dismissed Appellant's complaint**
**based upon his failure to timely contact an EEO counselor.**

Appellant contacted an EEO counselor on November 28, 2018. The EEO counselor summarized the issue, of which Appellant then complained, in the following way:

> Whether U.S. Customs and Border Protection (CBP) discriminated against Complainant, Patrol Agent in Charge (PAIC), GS-1896-13, assigned to Gulfport Station, Gulfport, MS, on the basis of race (African American) and color (Black), when, on or around August 6, 2018, he learned that he was not selected for the position of Division Chief, GS-1896-14, advertised under Job Opportunity Announcement Number: USBP-IMP-10168092-JRB (JOA 10168092).

DHS029

*See Info. Relied Upon for PD* at §3-B *Clarification Letter*; (Adobe pp. 53-54); *see also Procedural Dismissal* (PD) at p. 2.[4]

The Agency's May 6, 2019 *Procedural Dismissal* dismissed Appellant's complaint under 29 C.F.R. § 1614.107(a)(2), because he'd failed to comply with 29 C.F.R. §1614.105(a)(1)'s regulatory time limit for contacting an EEO Counselor. *See PD* at pp. 1-3.

## III.    Appellant's Claim is time-barred due to untimely EEO-counselor contact.

Appellant's claim is manifestly time barred. Appellant received an unequivocal advisory—from the deciding official himself—that he (Appellant) had not been selected as the New Orleans Sector's new Division Chief. Appellant admittedly received this notice on August 6, 2018, during Chief Patrol Agent (Chief) Bovino's weekly staff meeting. *See Relevant Fact* Nos. 4, 5, & 9a. Notwithstanding this direct and unequivocal notice of his non-selection, Appellant waited 114 days to seek EEO counseling regarding his non-selection. This means that Appellant delayed in contacting an EEO counselor for 69 days after the regulatory, 45-day counselor-contact time limit had expired.[5] The Agency provided Appellant with a pre-dismissal opportunity to present persuasive arguments and/or evidence to warrant extending the time limit for initiating EEO Counselor contact. *See* Relevant Fact No. 8.

In its *Procedural Dismissal* (*PD*), the Agency found that Appellant was admittedly aware of the 45-day limitation period for contacting an EEO counselor. *See PD* at p. 3, ¶1. To support this finding, the Agency considered Appellant's written admissions regarding his: (a) receipt of online

---

[4] The *PD* states the issue thusly:

Whether CBP discriminated against Complainant based on race (Black/African American) when:

1. On May 11, 2018, Complainant learned that Job Opportunity Announcement Number: USBP-IMP-10168092-JRB (JOA 10168092, for the position of Division Chief, GS-1896-14, was cancelled and would be re-announced.

2. On August 6, 2018, Complainant learned that JOA 10168092 would not be re-announced and that he was not afforded the opportunity to compete or given consideration for the position of Division Chief, GS-1896-14, because another individual was laterally reassigned into the position.

Per the *PD*, Appellant's counselor contact on Claims 1 and 2 fell due on June 25, 2018 and September 20, 2018 respectively. *See PD* at p. 3, ¶2. While Appellant stated in his 3/15/19 *Clarification Response* that he'd assumed the cancelled job announcement would be reannounced, Chief Bovino's 8/06/18 selection announcement would've necessarily disabused Appellant of this assumption. For this reason, the *Agency's Brief in Opposition to Appeal* focuses primarily upon August 6, 2018 as the trigger date for Appellant's EEO-counselor-contact obligation. *See Info. Relied Upon for PD* at §3-C *Clarification Response* at Ans. A-B. (Adobe pp. 57-58).

[5] The interval between August 6, 2018 and November 28, 2018 is **114 days**. Forty-five days after August 6, 2018 is Thursday, September 20, 2018. Appellant waited another 69 days after 9/20/18 to contact a counselor. The *PD* miscalculates the interval between 8/06/18 and 11/23/18 as "156 days," but correctly states that the Appellant exceeded the 9/20/18, 45-day time limit by "69 days." *See PD* at p. 2, *Analysis* ¶1.

DHS030

training and policy statements; (b) viewings of EEO posters; and (c) notifications from electronic paystubs. *See id.*; *see also* Relevant Fact Nos. 10a - 10d.

Here, Appellant does not contest, but rather unqualifiedly admits, that he knew of the 45-day EEO-counselor contact limitation. Accordingly, the Agency's determination that, on August 6, 2018, Appellant had notice of the 45-day limitation, is undisputed. *See e.g.*, *Sherman v. Dep't of Air Force*, EEOC App. No. 0120121256; 2012 WL 5901082 at *2 (2012) (Commission imputing knowledge of EEO-counseling time limits where complainant didn't contradict agency's contention that it had posted EEO posters in complainant's workplace containing information regarding EEO rights as well as applicable time limits for initiating an EEO counseling process and agency had also stated that complainant had attended No Fear Act training, which covered the 45-day limitation period).

It is also significant to note that Appellant has previously filed a non-selection-premised EEO complaint. *See* Exh. 3, *EEO Counselor's Report HS-10-CBP-004187-320506* (2010). Prior to filing that complaint, Appellant had a January 27, 2010 meeting with two Tucson-Sector supervisors, who told him another agent was selected for the Special Operations Supervisor job that Appellant had applied for. Twenty-one days later, on February 17, 2010, Appellant contacted an EEO counselor. *See id.* at Items 2, 14, & 15 at ¶¶1-4.

The Commission has consistently held that complainants who've engaged in prior EEO activity are deemed aware of the time frames required for filing complaints in the EEO procedure. *See Anya V. v. Dep't of Navy*, EEOC App. No. 0120152536; 2016 WL 1729902, at **3-4 (Apr. 21, 2016) (citing *Williams v. Dep't of Homeland Sec.*, EEOC App. No. 0120111236; 2011 WL 4889634 at *2 (Oct. 4, 2011); *Coffey v. Dep't. of Navy*, EEOC App. No. 01902512; 1990 WL 1113199 at *4 (Nov. 16, 1990)). Appellant's timely-filed EEO complaint from 2010 unmistakably demonstrates that he knows, understands, and can comply with, 29 C.F.R. §1614.105(a)(1)'s regulatory timeframe for initiating a non-selection-premised EEO complaint.

To explain his counselor-contact delay in this complaint, Appellant first acknowledged that he'd attended the August 6, 2018 staff meeting, at which selecting official, Chief Bovino announced that Chris Bullock had been selected as the Sector's new Division Chief. *See* Relevant Fact Nos. 4, 5, & 9a. Appellant however, decided to postpone counselor contact until he'd received a more "official" notification of his non-selection. *See* Relevant Fact Nos. 9a-9b(i). Appellant

attempts to justify his delay based upon his "understanding" that "a selection is not official until the selectee actually assumes the position." *See id.*

Commission precedent doesn't support Appellant's erroneous "understanding." As an initial matter, the Commission has repeatedly held that a reasonable suspicion of discriminatory motive is deemed to arise at the moment complainant learns he was not selected for the position. *See, e.g., Frederick A. v. Dep't of Def.*, EEOC App. No. 0120171651; 2017 WL 2953870 at *1 (June 28, 2017) ("The Commission has long held that knowledge of non-selection is a discrete action that should trigger a reasonable suspicion of discrimination at the time of its occurrence, and therefore the running of the limitation period, especially when the complainant knows of the non-selection and is aware of or can determine who was selected."); *Delgrego v. U.S. Postal Serv.*, EEOC App. No. 01A45369, 2004 WL 2688040, at *2 (Nov. 18, 2004); *Edwards v. U.S. Postal Serv.*, EEOC App. No. 01A00332, 2000 WL 33543332, at *1 (June 1, 2000); *Martin v. Dep't of Agric.*, EEOC App. No. 01991209, 1999 WL 1060249, at *2 (Nov. 1, 1999) ("Generally, the Commission has held that non-selection is a discrete action that should trigger a reasonable suspicion of discrimination at the time of its occurrence.").

In the instant case, Appellant was not only directly and unequivocally informed that Chris Bullock had been selected for the Division Chief position, Appellant was also personally acquainted with the Selectee. As Agent Bullock asseverates in his Declaration, Appellant and he saw and spoke to one another numerous times when they worked together at the Tucson, Arizona Border Patrol Station. This personal interaction culminated with repeated, face-to-face visits, to arrange for the transfer of Bullock's former office to its new occupant, the Appellant. *See* Relevant Fact No. 9b (ii)(a).

On August 6, 2018, Appellant learned of his non-selection from Deciding Official Chief Bovino. On that same, August 6, 2018 date, Appellant also learned that Chris Bullock—whom he'd known for at least six years—was the selectee. Therefore, in accordance with well-established Commission precedent, Appellant's reasonable suspicion of discrimination was triggered on August 6, 2018, because, on that date, he knew of his non-selection and he knew the Selectee. Appellant had until Thursday, September 20, 2018 to contact an EEO counselor, but he waited until Wednesday, November 28, 2018 to do so. Appellant's counselor contact was untimely by 69 days.

DHS032

Commission precedent is also at odds with Appellant's "understanding" that he could wait to contact an EEO counselor, until after he was certain that the selectee would both get and accept the job. In *West v. DOJ*, EEOC App. No. 0120061726, 2007 WL 506722 (Feb. 6, 2007), complainant West received a June 2004 notification that the position he'd applied was filled by the non-competitive reassignment of a selectee from another agency facility. The *West* complainant, however, waited to initiate counselor contact until after he'd accrued enough evidence to support his discrimination suspicions. Complainant West finally contacted a counselor on September 16, 2004, after the selectee had reported for duty on August 9, 2004. Based upon complainant's stated awareness of the selection decision by June of 2004, the administrative judge (AJ) granted DOJ's motion to dismiss for untimely counselor contact. On appeal, the Commission agreed with the AJ that the June-2004 date, upon which the *West* complainant had learned of his non-selection, triggered his obligation to seek counseling. Therefore, West's September 16, 2004 counselor contact had been untimely. *West*, 2007 WL 506722, at **1-2.

*West v. DOJ* applies here. Appellant admittedly heard Chief Bovino's August 6, 2018 announcement that he'd selected Chris Bullock for the Division Chief's job. Chief Bovino further announced the October 14, 2018, date upon which Bullock's relocation from Tucson, Arizona to New Orleans, Louisiana would be complete. *See* Relevant Fact Nos. 4 & 5. On August 6, 2018, therefore, Appellant's obligation to seek counseling was triggered. The *West* Commission rejected the "wait and see" justification Appellant now proffers to explain his untimely EEO counselor contact.

Moreover, the *West* Commission's finding is incompatible with Appellant's theory that reasonable suspicion in personnel-action-premised discrimination complaints cannot arise "until the selectee actually assumes the position." *See* Relevant Fact Nos. 9a-9b(i); *Info. Relied Upon for PD* at §3-C, Ans. F., sent. 2 (Adobe p. 58). The *West* Commission found that its complainant's counselor-contact obligation had arisen in June of 2004, when he'd learned that someone else had gotten the job he'd applied for. The Commission so found, even though its selectee didn't actually assume the position for another two months. Pursuant to *West*, therefore, Appellant's 11/28/18 counselor contact was 69 days too late.

In *Monroe M. v. Dep't of Justice,* EEOC App. No. 0120152433; 2017 WL 814972 (Feb. 15, 2017), the Commission again rejected a non-selected complainant's "wait and see" excuse for postponing counselor contact. There, Monroe M.'s section chief verbally notified him, on June 4,

8

DHS033

2014, that someone else had been selected for the position he'd applied for. The *Monroe M.* complainant nonetheless delayed contacting an EEO counselor until August 21, 2014, shortly after the selectee had assumed the position. Complainant said he'd waited two-plus months after learning of the selection, because he couldn't be sure of whether selectee would accept the job, until he actually did so. *Monroe M.*, 2017 WL 814972 at *1.

On appeal, the Commission affirmed DOJ's dismissal for untimely counselor contact. The *Monroe M.* Commission found complainant's claim that he'd delayed contacting a counselor, because he was unsure if the selectee would take the position, "was pure speculation." *Monroe M.,* 2017 WL 814972, at *2. The Commission observed that complainant hadn't asserted that management had misled him or otherwise contributed to his uncertainty, so the *Monroe M.* complainant's explanation was insufficient to extend the 45-day timeframe. *Id*. at *1

The *Monroe M.* Commission's reasoning applies here squarely. Appellant relies upon vague experiential anecdotes to explain a perceived distinction between "official" and "unofficial" selections. *See* Relevant Fact Nos. 9a-9b(i). He asserts that he delayed initiating counselor contact until after the Selectee's first duty day, because "a selection is not official until the selectee actually assumes the position." *See id*. This notion, however, is precisely what the *Monroe M.* Commission discounted as "pure speculation." By the August 6, 2018 date, upon which Chief Bovino made his selection announcement, he'd already secured all required approvals from U.S. Border Patrol's top management, Selectee's vetting was complete, and Selectee's relocation funding had been secured. *See Decl*. of Chief Bovino at ¶¶5a-5c. Appellant doesn't allege that Chief Bovino, or anyone else, "misled him or otherwise contributed to his uncertainty." Thus, on August 6, 2018, there was nothing tentative, conditional, or concealed about Chief Bovino's selection. Per *Monroe M.*, Appellant's anecdotal conjecture as to this selection's "unofficial" status, is insufficient to extend the 45-day timeframe for initiating counselor contact.

Moreover, *Monroe M.*—just as *West v. DOJ* before it—cannot be reconciled with Appellant's notion that reasonable suspicion in personnel-action-premised discrimination complaints can't form "until the selectee actually assumes the position." *See Info. Relied Upon for PD* at §3-C, Ans. F., sent. 2 (Adobe p. 58). In *Monroe M.*, the Commission found that reasonable suspicion of discrimination had arisen more than two months before selectee assumed the position for which the complainant hadn't been selected. Appellant's "understanding" that "a selection is not official until the selectee actually assumes the position," is mistaken.

9

## IV.  **Conclusion**

The Agency's *Procedural Dismissal* must be affirmed because, although Appellant was admittedly aware of his obligation to initiate EEO-counselor contact within 45 days of becoming reasonably suspicious of discrimination, he failed to timely initiate that contact. Appellant's reasonable suspicion arose when the deciding official personally apprised Appellant that he'd selected Appellant's former coworker as the Sector's new Division Chief. Appellant's explanations for delaying counselor contact after receipt of this notice—*i.e.*, that he was awaiting additional confirmatory evidence of the selectee's selection and that a non-selectee's obligation to seek counseling doesn't commence until the selectee's duty-report date—have been repeatedly rejected by the Commission. Appellant's untimely discrimination complaint was properly dismissed for his untimely counselor contact, and the Agency respectfully requests that the Office of Federal Operations affirm the procedural dismissal of Appellant's complaint.

Respectfully submitted,

Bryan K. Luby
Senior Attorney
Office of Assistant Chief Counsel
U.S. Customs and Border Protection
423 Canal St., Ste. 209
New Orleans, LA 70130
(504) 670-2379 (Office)
(504) 670-2383 (Fax)
Bryan.K.Luby@cbp.dhs.gov

10

DHS035

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 16th day of July, 2019, true and correct copies of the foregoing

**AGENCY'S BRIEF IN OPPOSITION TO APPEAL** were served as follows:

*Via FedSEP upload*:

Equal Employment Opportunity Commission
Office of Federal Operations
https://egov.eeoc.gov/FedSep/jsp/secure/appealsDetails.jsf

*Via electronic mail upon*:

Jon P. Joyner, Appellant
JON.P.JOYNER@cbp.dhs.gov

Bryan K. Luby
*Senior Attorney*

11

DHS036

**Agency Exhibit 1**

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS

| | |
|---|---|
| JON P. JOYNER, | ) EEOC Appeal No. 2019003873 |
| Complainant | ) Agency Case No. HS-CBP-00456-2019 |
| v. | ) |
| DEPARTMENT OF HOMELAND SECURITY, | ) Dated: July 15, 2019 |
| Agency. | ) |

## DECLARATION OF CHIEF PATROL AGENT GREGORY BOVINO

In accordance with 28 U.S.C §1746, I state and aver the following:

1. I am the New Orleans Sector's Chief Patrol Agent.

2. I was the selecting official for the Division Chief position previously advertised under vacancy announcement number USBP-IMP-10168092-JRB.

3. On August 6, 2018, at my weekly staff meeting, I announced to all attendees, among whom was the Appellant, that the Division Chief position had been filled, via the non-competitive, lateral reassignment of Selectee, Chris Bullock, from the U.S. Border Patrol's Tucson Sector.

4. On August 6, 2018, at the same staff meeting, I also announced to attendees, including the Appellant, that the Selectee, Chris Bullock would be reporting for duty on October 14, 2018.

5. Prior to announcing my Division Chief selection on August 6, 2018, I requested and received:

   a. U.S. Border Patrol Headquarters' approval to select and transfer Selectee Bullock into the Division Chief Position;

   b. a formal, positive assessment of Selectee's employment records, also known as "vetting"; and

   c. funding approval to pay for Selectee and his family to move from Tucson, Arizona to New Orleans, Louisiana.

## AFFIRMATION

I declare under penalty of perjury that the foregoing statement is true and correct to the best of my knowledge.

Signature: _Gregory K. Bovino_          Date: 7-15-19

Printed Name:  Gregory K. Bovino          Address: 423 Canal Street, New Orleans, LA

DHS037

**Agency Exhibit 2**

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS

| | | |
|---|---|---|
| JON P. JOYNER, | ) | EEOC Appeal No. 2019003873 |
| | ) | |
| Complainant | ) | Agency Case No. HS-CBP-00456-2019 |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HOMELAND | ) | Dated: July __, 2019 |
| SECURITY, | ) | |
| | ) | |
| Agency. | ) | |
| | ) | |

<u>DECLARATION OF SUPERVISORY BORDER PATROL AGENT CHRIS BULLOCK</u>

In accordance with 28 U.S.C §1746, I state and aver the following:

1. I am the Selectee for the Division Chief position previously advertised under vacancy announcement number USBP-IMP-10168092-JRB.

2. Between May and November, 2012, Appellant and I worked together at the Tucson, Arizona Border Patrol Station (TUS).

3. At TUS, the Appellant and I knew one another as managerial coworkers, and we periodically greeted one another in our shared TUS workplace.

4. On numerous occasions, the Appellant and I engaged in friendly conversation at the TUS workplace.

5. In November of 2012, as I was finalizing preparations for my transfer to the San Diego Sector, Appellant and I visited repeatedly in my then-office, to coordinate his occupation of that office, after I had vacated it.

<u>AFFIRMATION</u>

I declare under penalty of perjury that the foregoing statement is true and correct to the best of my knowledge.

Signature: _____    Date: _July 15, 2019_

Printed Name: _CHRISTOPHER S BULLOCK_ Title: _DIVISION CHIEF_

Address: _423 CANAL ST, SUITE 409_
_NEW ORLEANS, LA   70130_

**Agency Exhibit 3**

**FOR OFFICIAL USE ONLY**

U.S. DEPARTMENT OF HOMELAND SECURITY
U.S. CUSTOMS AND BORDER PROTECTION

# EEO Counselor's Report

1. **Docket Number:** HS-10-CBP-004187-320506___

2. **Date and method of underline initial counselor contact:** February 17, 2010 (via telephone)

3. **Complainant's Last Name:** Joyner_, **First Name:** Jon, **Middle Initial:** ____

4. **Job Title/Series/Grade:** Field Operations Supervisor, GS-1896-13

5. **Duty Station/ Local CBP Office/Headquarters Office:** Sonoita, Tucson Sector HQ, Office of Border Patrol,, AZ

6. **Work Phone No:** 520-455-4305 **Home/Cell Phone No:** 520-249-5509
   **Fax No:** (__)

1. **Work email address:** Jon.Joyner@dhs.gov
   **Home email address:** N/A

8. **Home Address:** 18451-Avenida Arroyo Seco, Green Valley AZ 85614

9. **Last Four Digits of Social Security Number:** _6960

10. **Representative:** No

11. **NOTICE OF RIGHTS AND RESPONSIBLIITES:  Was the Complainant advised in writing of his or her rights and responsibilities?   Yes** (via e-mail on December 11, 2009)

12. **Election to participate in ADR:** No
13. **Request for anonymity:** No

14. **Claim(s) Presented:**

Complainant, Acting Special Operations Supervisor, GS-1896-13, assigned to the Sonoita Station, Tucson Sector, Arizona, alleges he was discriminated against based on his race (African American), when he learned on or about January 27, 2010, that he was not selected for an Special Operations Supervisor position announced under vacancy announcement number #MHC-BPMP-264772KLF.

15. **Summary of Facts (Discussion of Claims) Presented by Complainant on (provide date(s) of interview(s)):**

**FOR OFFICIAL USE ONLY**

DHS039

FOR OFFICIAL USE ONLY

U.S. DEPARTMENT OF HOMELAND SECURITY
U.S. CUSTOMS AND BORDER PROTECTION

On February 17, 2010, Complainant stated he wished to file an EEO complaint regarding his non-selection for a Special Operations Supervisor position.  During the initial interview on February 24, 2010, Complainant explained the following in support of his claim:

Complainant applied for the Special Operations Supervisor position and was one of five candidates that were interviewed, all are Supervisory Border Patrol Agents, GS-1896-13, in Tucson Sector:  Gary Widner; Briggs Todd; Roger Toussaint; and Arthur Miller. The Interview panel consisted of Assistant Chief Patrol Agent  Jose Cruz (GS-1896-13), Acting Patrol Agent In Charge Manuel Mendoza (GS-1896-13), and Assistant Patrol Agent In Charge (APAIC) Sabri Dikman (GS-1896-13), all from the Tucson Sector.

On or about January 27, 2010, he had a meeting with his supervisors APAIC Dikman and new Acting APAIC Brian Brown (GS-1896-13), Tucson Sector.  They advised him that he was highly recommended for the position, but the Chief Patrol Agent's Adjutant, Robert A. Booth was placed in the Special Operations Supervisor position.

Complainant learned afterwards that the selectee Mr. Booth did not apply for the position, nor go through the interview process.  Complainant feels this was discriminatory because Mr. Booth is White and did not compete for the job as he did. Complainant believes he is substantially more qualified for the position than the selectee.  Complainant has been doing the job over a year and he has received outstanding performance ratings.

**16. Remedies Requested:**  Complainant wants to be selected for a Special Operations Supervisor or Assistant Patrol Agent In Charge position.

**17.  Date of Merit Promotion Hold Request (for non-selection complaints):**  March 2, 2010.

**18.  Was Counselor Contact Within 45 days of Claim(s) Identified Above?** Yes

**19.  Did Complainant File a Union Grievance or an Appeal with the Merit Systems Protection Board on (any of) the Same Claims Raised During this Counseling Session?**   N/A

**Name and Date of Labor Relations Specialist Consulted Regarding Union Grievance:**   N/A

**Name and Date of Agency Attorney Consulted Regarding a MSPB Appeal (only if claim involves an adverse action as defined by MSPB):**   N/A

**20. Summary of Management Response(s) to Claims:**

FOR OFFICIAL USE ONLY

DHS040

F O R   O F F I C I A L   U S E   O N L Y

**U.S. DEPARTMENT OF HOMELAND SECURITY**
**U.S. CUSTOMS AND BORDER PROTECTION**

On March 2, 2010, Brian Brown (GS-1896-13), Assistant Patrol Agent In Charge, Sonoita Station, Tucson Sector was interviewed regarding Complainant's allegation of discrimination.  Mr. Brown advised that he was not part of the selection process, but he was informed that the Tucson Sector had recommended Jon Joyner for selection; however, at the Office of Border Patrol (OBP) level in Washington, DC the decision was made to select Robert Booth.  Tucson Sector didn't have a choice in the matter.  Mr. Brown explained that OBP is downsizing and looking to place employees in the Field.  This is happening all over and not just in this case.

**21.  Date and Summary of Final Interview:**

On March 3, 2010, the final interview was conducted with Complainant.  I reviewed with the Complainant the framed issues and restated the facts presented by him during EEO Counseling.  Complainant was advised of management's response to his allegations, but he still felt it was unfair.  Complainant concurred with the information as presented and did not raise additional concerns.

Complainant was advised that EEO counseling was concluded and he would have three options with respect to his complaint, i.e., file formal, withdraw, or take no further action.  Complainant states that he will not pursue a formal complaint.  On March 3, 2010, Complainant was sent by electronic mail a withdrawal form to sign and return to confirm he wished to withdraw his complaint.  On March 4, 2010, Complainant submitted a signed withdrawal of his complaint.

**22.  Date and Method NORTF Issued (include tracking number, if relevant):**  N/A

**23.  Date and Documentation of Receipt of NORTF:**  N/A

**24. Potential Witnesses Identified by Parties and Summary of Possible Statements (Include contact information, if available):** N/A

**25.  Documents Reviewed (Provide to Complaints Center):**  N/A

**26. Total Number of Hours Spent Counseling this Case:**  5 hrs.

**27.  Dates Counseling Report Approved:** March 10, 2010

Katherine McPartland_____                    March 3, 2010
Name of EEO Official/Specialist                              Date


(415) 744-1530 ext. 285
Telephone Number

F O R   O F F I C I A L   U S E   O N L Y

DHS041

**RECEIVED**
By Deborah Colding at 2:15 pm, Sep 18, 2019

SEP 1 8 20



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Jon P. Joyner, a/k/a
Reuben D.,[1]
Complainant,

v.

Kevin K. McAleenan,
Acting Secretary,
Department of Homeland Security
(Customs and Border Protection),
Agency.

Appeal No. 2019003873

Agency No. HS-CBP-00456-2019

<u>DECISION</u>

Complainant filed a timely appeal with the Equal Employment Opportunity Commission (EEOC or Commission) from the Agency's final decision dated May 6, 2019, dismissing his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

<u>BACKGROUND</u>

During the period at issue, Complainant worked as a Patrol Agent in Charge at the Agency's Gulfport Station in Gulfport, Mississippi.

On November 28, 2018, Complainant initiated EEO Counselor contact. Informal efforts to resolve his concerns were unsuccessful.

On February 28, 2019, Complainant filed the instant formal complaint. Complainant claimed that the Agency subjected him to discrimination on the basis of race (African-American) when:

1. on May 11, 2018, he learned that Job Opportunity Announcement Number: USBP-IMP-10168092-JRB (JOA 10168092) for the position of Division Chief, GS-1896-14, was cancelled and would be re-announced; and

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

<span style="color:red">Exhibit B-2</span>

2                                                                    2019003873

2. on August 6, 2018, he learned that JOA 10168092 would not be re-announced and that he was not afforded the opportunity to compete or given consideration for the position of Division Chief, GS-1896-14, because another individual was laterally reassigned into the position.

In its May 6, 2019 final decision, the Agency dismissed the instant formal complaint for untimely EEO Counselor contact, pursuant to 29 C.F.R. § 1614.107(a)(2). Specifically, the Agency determined that Complainant initiated EEO Counselor contact on November 28, 2018, which the Agency found was more than forty-five days after the alleged discriminatory events occurred. The Agency noted in response to the EEO Counselor's clarification request concerning his untimely contact, Complainant responded that he initiated EEO contact when the selectee for the Division Chief reported for duty and he learned what race the selectee was.

The instant appeal followed.

<u>ANALYSIS AND FINDINGS</u>

EEOC Regulation 29 C.F.R. § 1614.105(a)(1) requires that complaints of discrimination should be brought to the attention of the Equal Employment Opportunity Counselor within forty-five days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five (45) days of the effective date of the action.

EEOC regulations provide that the agency or the Commission shall extend the time limits when the individual shows that he was not notified of the time limits and was not otherwise aware of them, that he did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he was prevented by circumstances beyond his control from contacting the EEO Counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

The Agency correctly determined that Complainant's EEO Counselor contact concerning the instant matter was well beyond the 45-day limitation period. Complainant has not indicated that he was unaware of the time limitations for timely contacting an EEO Counselor, nor does he indicate that he was prevented by reasons beyond his control from contacting an EEO Counselor in a timely manner. The record discloses that the most recent alleged discriminatory event occurred on August 6, 2018, but Complainant did not initiate contact with an EEO Counselor until November 28, 2018, which is beyond the forty-five (45) day limitation period.

The Agency's final decision dismissing claims 1 - 2 on the ground of untimely EEO Counselor contact is AFFIRMED.

<u>STATEMENT OF RIGHTS - ON APPEAL</u>
<u>RECONSIDERATION</u> (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.   The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.   The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. <u>See</u> 29 C.F.R. § 1614.405; <u>Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614</u> (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. <u>See</u> 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). <u>See</u> 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. <u>See</u> 29 C.F.R. § 1614.604(c).

<u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

DHS044

4                                    2019003873

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

September 10, 2019
Date

5                                                    2019003873

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**. I certify that this decision was mailed to the following recipients on the date below:

Jon P. Joyner
5066 Longbow Drive
Kiln, MS  39556

U.S. Department of Homeland Security
Office for Civil Rights and Civil Liberties
245 Murray Ln., SW Bldg. 410
Mail Stop 0191
Washington, DC  20528

Executive Director, Office of Equal Opportunity
U.S. Customs and Border Protection
Ronald Reagan Building, Room 3.3D
1300 Pennsylvania Avenue, NW
Washington, DC  20229

September 10, 2019
Date

Compliance and Control Division