UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JON JOYNER** | * | **NO. 2:19-CV-14234** |
| **v.** | * | **SECTION "B" (2)** |
| **CHAD WOLF, ACTING SECRETARY,** | * | **JUDGE LEMELLE** |
| **U.S. DEPARTMENT OF HOMELAND SECURITY.** | * | **MAGISTRATE WILKINSON** |

\* \* \*

## STATEMENT OF UNDISPUTED FACTS

1. On April 11, 2018, Plaintiff applied for a Supervisory Border Patrol Agent, Division Chief, position at New Orleans Border Patrol Sector headquarters. (Rec. Doc. 1, Complaint, ¶¶ 9, 10; *see also* Exhibit A-1, Plaintiff's initial contact with EEO Counselor, at Bates DHS001.)

2. Plaintiff was selected to be interviewed for the vacant Division Chief position. (Rec. Doc. 1, Complaint, ¶ 69.)

3. Before Plaintiff was interviewed, Gregory Bovino became the new permanent Chief Patrol Agent of New Orleans Sector. (*Id.*, at ¶ 70.)

4. On May 11, 2018, Chief Bovino canceled the job posting for the position of Supervisory Border Patrol Agent, Division Chief. (*Id.*, at ¶ 72.)

5. The cancellation notice specifically indicated that the position would be re-posted via USAJobs.com at a later date. (*Id.*)

6. On August 6, 2018, Plaintiff attended a staff meeting wherein Chief Patrol Agent Bovino announced that he had laterally assigned Christopher Bullock to the vacant Supervisory Border Patrol Agent Division Chief position sought by Plaintiff. (Exhibit B-1, Declaration

1

of Gregory Bovino, Bates DHS037; Exhibit A-4, Plaintiff's Clarification Letter and Attachments, Bates DHS012, DHS013.)

7. Chief Bovino did not competitively repost the Division Chief position on USAJobs.com but laterally transferred Bullock, an agent who had been working outside of the New Orleans Sector. (Rec. Doc. 1, Complaint, ¶¶ 73, 74; Exhibit B-1, Declaration of Gregory Bovino, ¶ 3, Bates DHS037.)

8. Plaintiff and Christopher Bullock had previously worked together at the Tucson Arizona Border Patrol Sector during the same time period, between May and November of 2012. (Exhibit B-1, Declaration of Christopher Bullock, ¶¶ 2-5, Bates DHS 038.)

9. Plaintiff contacted an EEO counselor on November 28, 2018, because he believed he was discriminated against on account of his race when Christopher Bullock was laterally transferred to the Division Chief position. (Exhibit A-1, Plaintiff's initial contact with EEO Counselor, at Bates DHS00; Exhibit A-2, Plaintiff's Individual Complaint of Employment Discrimination, Box 19, Bates DHS004.)

10. Thereafter, Plaintiff filed a formal complaint alleging race and color discrimination when he was not selected for the Supervisory Border Patrol Agent, Division Chief position. (*Id.*, at Bates DHS002-DHS004.)

11. Because Plaintiff did not contact an EEO counselor within 45 days of the matter alleged to be discriminatory, an EEO Specialist/Investigator sought additional information regarding the timeliness of Plaintiff's claim of discrimination, including whether or not he had ever received EEO training or No Fear Act training. (Exhibit A-3, Agency's Request of Plaintiff for Clarification Regarding his Discrimination Complaint, Bates DHS007-DHS010.)

12. Based upon the EEO counseling and Plaintiff's formal complaint, the EEO Investigator summarized Plaintiff's claim as:

> **Whether U.S. Customs and Border Protection (CBP) discriminated against Complainant, Patrol Agent in Charge (PAIC), GS-1896-13, assigned to Gulfport Station, Gulfport, MS, on the basis of race (African American) and color (Black), when, on or around August 6, 2018, he learned that he was not selected for the position of Division Chief, GS-1896-14, advertised under Job Opportunity Announcement Number: USBP-IMP-10168092-JRB (JOA 10168092).**

(*Id.*, at Bates DHS008-DHS009.)

13. Plaintiff admitted that on August 6, 2018, he became aware that he was not selected for the position of Division Chief. (Exhibit A-4, Plaintiff's Clarification Letter and Attachments, Bates DHS012-DHS013.)

14. On August 6, 2018, Plaintiff attended a staff meeting wherein Chief Bovino announced that he had filled the Division Chief position non-competitively by laterally transferring Agent Christopher Bullock. (Exhibit B-1, Declaration of Gregory Bovino, ¶ 3, Bates DHS037.)

15. Plaintiff also admitted that he was aware of the 45-day timeframe to initiate contact with an EEO counselor. (Exhibit A-4, Plaintiff's Clarification Letter and Attachments, Bates DHS013.)

16. Plaintiff admitted that he had undergone No Fear Act Training, had seen EEO posters in various locations around his work, and had seen the EEO messages in the comments section of his electronic pay stub. (*Id.*, at Bates DHS014.)

17. The Office for Civil Rights and Civil Liberties ("CRCL") of DHS procedurally dismissed Plaintiff's administrative complaint because Plaintiff failed to contact an EEO counselor within the required 45-day timeframe. (Exhibit A-5, Agency's Procedural Dismissal of Plaintiff's administrative complaint, Bates DHS016.)

18. The CRCL identified Plaintiff's administrative claims as:
    Whether CBP discriminated against Complainant based on race (Black/African American) when, on:
    1. On May 11, 2018, Complainant learned that Job Opportunity Announcement Number: USBP-IMP-10168092-JRB (JOA 10168092, for the position of Division Chief, GS-1896-14, was cancelled and would be re-announced.
    2. On August 6, 2018, Complainant learned that JOA 10168092 would not be re-announced and that he was not afforded the opportunity to compete or given consideration for the position of Division Chief, GS-1896-14, because another individual was laterally reassigned into the position.
    (Exhibit A-5, Agency's Procedural Dismissal of Plaintiff's administrative complaint, Bates DHS016.)

19. The CRCL found that the evidence presented demonstrated that on May 11, 2018, Plaintiff learned of the cancellation of the Division Chief job opportunity announcement and that Plaintiff was informed of the lateral selection on August 6, 2018. (*Id.,* at Bates DHS017.)

20. The CRCL also found that Plaintiff did not initiate contact with the EEO Office until November 28, 2018, 156 days and 69 days beyond the 45-day requirement to initiate EEO contact. (*Id.*)

21. The CRCL also held that Plaintiff failed to demonstrate that he was prevented by circumstances beyond his control from satisfying the timeliness requirement. (*Id.*)

22. Plaintiff appealed the procedural dismissal of his administrative complaint to the EEOC, Office of Federal Operations. (Exhibit B-1, Agency's Opposition Brief, Bates DHS026.)

23. The EEOC found that the agency had correctly determined that Plaintiff's contact with the EEO counselor concerning his claims was well beyond the 45-day limitation period. (Exhibit B-2, EEOC Decision, Bates DHS043.)

24. The EEOC affirmed the agency's final decision dismissing Plaintiff's claims on the ground of untimely EEO Counselor contact. (*Id.*)

25. Plaintiff did not exhaust EEO administrative claims on any of the 26 claims of retaliatory discrimination. (Rec. Doc. 1, Complaint, ¶¶ 100, 122; Exhibit A, Declaration of Lisa Culpepper, ¶ 4.)

The above facts are believed to be undisputed and, therefore, present a proper subject for motion for summary judgment in that there exists no genuine issue of material fact between Plaintiff and Defendant herein. Therefore, Defendant is entitled to judgment as a matter of law.

Respectfully Submitted,

**PETER G. STRASSER**
**UNITED STATES ATTORNEY**

*/s/ Sandra Ema Gutierrez*
**SANDRA EMA GUTIERREZ, TA (LA #17888)**
**SHARON D. SMITH (LA # 17146)**
Assistant United States Attorneys
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3000
Sandra.gutierrez@usdoj.gov
Sharon.D.Smith@usdoj.gov