IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JON P. JOYNER<br><br>**Plaintiff,**<br><br>v.<br><br>CHAD WOLF, ACTING SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br><br>**Defendant.** | CIVIL NO. 2:19-CV-1423-ILRL-JCW |

## DECLARATION OF JON JOYNER

I, Jon P. Joyner, am over the age of 18 years, and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing facts are true and correct to the best of my knowledge and recollection:

1. I am the named plaintiff in this lawsuit, *Joyner v. Wolf*, No. 2:19-CV-14234, currently pending in the United States District Court for the Eastern District of Louisiana.

2. I authorized my attorney, Kevin S. Vogeltanz, to file the original Complaint in this matter, Rec. No. 1, filed on December 7, 2019. I verify that each allegation of the Complaint is true and correct to the best of my knowledge.

3. I am currently employed by the Department of Homeland Security, Customs and Border Protection, United States Border Patrol ("USBP"). I have been employed by USBP since 1996.

4. I currently hold the permanent position of Watch Commander at Lordsbburg Station, El Paso Sector Texas. I previously served as the permanent Patrol Agent in Charge of Gulfport

Station, New Orleans Sector Louisiana, and as an Acting Division Chief at New Orleans Sector.

5. Throughout my career, I have occasionally served as a recommending official for the promotion or hire of other, subordinate USBP agents. Throughout my career, I have been promoted myself several times.

6. Based on my experiences as both a recommending official and candidate for promotion, I am knowledgeable about the process by which USBP selects agents for various promotion and other personnel actions, and the general logistical and human resources processes for actually promoting an agent into a new position.

7. Within the United States Border Patrol ("USBP"), the "effective date" of any personnel action affecting an Agent is referred to as the Agent's "entered on duty" date, or "EOD." This is the date on which an Agent must first report for duty into his or her new position.

8. Within the USBP, the actual "effective date" of an employee's lateral transition or promotion to a new position is the date that employee "entered on duty" for that position (colloquially known as the date the employee "EOD'd" for the position). This date is reflected on the employee's Standard Form 50 "SF 50" Notification of Personnel Action.

9. I served within New Orleans Sector at the time that Christopher Bullock first "entered on duty" to his newly promoted position of Division Chief of Law Enforcement Operational Programs.

10. Based on my own first-hand knowledge, the date Mr. Bullock "entered on duty" as the new Division Chief of New Orleans Sector was October 14, 2018, and thus the "effective date" of Mr. Bullock's promotion was October 14, 2018.

11. I applied for the Division Chief position that Mr. Bullock was promoted into. The recommending official in this case, Chief Patrol Agent Bovino, selected and promoted Mr. Bullock over me for the Division Chief position.

12. While employed by the USBP, I have seen EEO posters in the workplace and underwent No Fear Act Training, and as a result was generally aware that there is a 45-day time limit to contact the EEO regarding a complaint of racial discrimination. However, none of the information and training I received explained exactly when the 45-day time limit began to run with respect to any particular act of discrimination. In this particular case, based on my knowledge of the promotion and personnel processes used by USBP, I initiated EEO contact within 45 days of the effective date of Mr. Bullock's promotion to the Division Chief position I had applied for, which was the day Mr. Bullock "entered on duty" for the position – October 14, 2018.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on this day, May 5, 2020.

_____
Jon P. Joyner