IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JON P. JOYNER<br><br>**Plaintiff,**<br><br>v.<br><br>CHAD WOLF, ACTING SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br><br>**Defendant.** | CIVIL NO. 2:19-CV-14234-ILRL-JCW |

**PLAINTIFF'S RULE 56.2 COUNTER-STATEMENT
OF DISPUTED MATERIAL FACTS**

Pursuant to Local Rule 56.2, plaintiff Jon Joyner submits this Counter-Statement of Disputed Material Facts in response to the Statement of Uncontested Material Facts submitted by defendant (Rec. 13-4). In Section I below, plaintiff asserts facts for which there appears to be a material dispute in the case. In Section II, plaintiff responds to each of the purported uncontested facts set out in defendant's statement, admitting or disputing each as appropriate.

**I. PLAINTIFF'S STATEMENT OF CONTESTED MATERIAL FACTS**

1. In this case, New Orleans Sector Chief Patrol Agent Gregory Bovino promoted USBP Agent Christopher Bullock (white) over USBP Agent Jon Joyner (black) to the position of Supervisory Border Patrol Agent ("Division Chief") of New Orleans Sector.

2. Within the United States Border Patrol ("USBP"), the "effective date" of any personnel action is referred to as the Agent's "entered on duty" date, or "EOD" date.

3. Within the USPB, the effective date of an employee's transfer or promotion to a new position is the date that employee "entered on duty" for that position.

4. The effective date, and the EOD date, of the personnel action promoting Mr. Bullock over Mr. Williams to the position of Division Chief in New Orleans Sector in this case was October 14, 2018.

5. Thus, Mr. Joyner timely initiated EEO contact in this case when he did so on November 28, 2018, which was within 45 days of the effective date of the personnel action in question – the promotion of Mr. Bullock over Mr. Joyner for the position of Division Chief of New Orleans Sector – on October 14, 2018.

II. **PLAINTIFF'S COUNTER-STATEMENT TO DEFENDANT'S STATEMENT OF UNCONTESTED MATERIAL FACTS**

1. On April 11, 2018, Plaintiff applied for a Supervisory Patrol Agent, Division Chief, position at New Orleans Border Patrol Sector headquarters. (Rec. Doc. 1, Complaint, ¶¶ 9, 10; *see also* Exhibit A-1, Plaintiff's initial contact with EEO Counselor, at Bates DHS001.)
**Admitted.**

2. Plaintiff was selected to be interviewed for the vacant Division Chief position. (Rec. Doc. 1, Complaint, ¶ 69.)
**Admitted.**

3. Before Plaintiff was interviewed, Gregory Bovino became the new permanent Chief Patrol Agent of New Orleans Sector. (*Id.*, at ¶ 70.)
**Admitted.**

4. On May 11, 2018, Chief Bovino canceled the job positing for the position of Supervisory Border Patrol Agent, Division Chief. (*Id.*, at ¶ 72.)
**Admitted.**

5. The cancellation notice specifically indicated that the position would be re-posted via USAJobs.com at a later date. (*Id.*)
**Admitted.**

6. On August 6, 2018, Plaintiff attended a staff meeting wherein Chief Patrol Agent Bovino announced that he had laterally assigned Christopher Bullock to the vacant Supervisory Border Patrol Agent Division Chief position sought by Plaintiff. (Exhibit B-1, Declaration

of Gregory Bovino, Bates DHS037; Exhibit A-4, Plaintiff's Clarification Letter and Attachments, Bates DHS012, DHS013.)

**Disputed. Mr. Bullock was not laterally assigned; he was *promoted* over Mr. Joyner. *See* Plaintiff's Complaint (R.1) at ¶¶ 9, 74 (submitted as testimony in this summary judgment motion pursuant to Mr. Joyner's signed declaration made under oath and filed into the record verifying the allegations in his original complaint (Rec. 16-1)). Otherwise, plaintiff admits the balance of this paragraph.**

7. Plaintiff and Christopher Bullock had previously worked together at the Tucson Arizona Border Patrol Sector during the same time period, between May and November of 2012. (Exhibit B-1, Declaration of Christopher Bullock, ¶¶ 2-5, Bates DHS037.)
**Admitted.**

8. Chief Bovino did not competitively repost the Division Chief position on USAJobs.com but laterally transferred Bullock, an agent who had been working outside of the New Orleans Sector. (Rec. Doc. 1, Complaint, ¶¶73, 74; Exhibit B-1, Declaration of Gregory Bovino, ¶ 3, Bates DHS038.)
**Disputed. Mr. Bullock was not laterally transferred; he was *promoted* over Mr. Joyner. *See* Plaintiff's Complaint (R.1) at ¶¶ 9, 74 (submitted as testimony in this summary judgment motion pursuant to Mr. Joyner's signed declaration made under oath and filed into the record verifying the allegations in his original complaint (Rec. 16-1)). Otherwise, plaintiff admits the balance of this paragraph.**

9. Plaintiff contacted an EEO counselor on November 28, 2018, because he believed he was discriminated against on account of his race when Christopher Bullock was laterally transferred to the Division Chief position. (Exhibit A-1, Plaintiff's initial contact with EEO Counselor, at Bates DHS00; Exhibit A-2, Plaintiff's Individual Complaint of Employment Discrimination, Box 19, Bates DHS004.)
**Disputed. Mr. Bullock was not laterally transferred; he was *promoted* over Mr. Joyner. *See* Plaintiff's Complaint (R.1) at ¶¶ 9, 74 (submitted as testimony in this summary judgment motion pursuant to Mr. Joyner's signed declaration made under oath and filed into the record verifying the allegations in his original complaint (Rec. 16-1)). Otherwise, plaintiff admits the balance of this paragraph.**

10. Thereafter, Plaintiff filed a formal complaint alleging race and color discrimination when he was not selected for the Supervisory Border Patrol Agent, Division Chief position. (*Id.*, at Bates DHS002-DHS004.)
**Disputed as to the lack of clarity of the statement. Plaintiff filed a formal complaint alleging race and color discrimination regarding CPA Bovino's discriminatory**

       **promotion of Mr. Bullock over Mr. Joyner for the position of Division Chief of New Orleans Sector.**

11. Because Plaintiff did not contact an EEO counselor within 45 days of the matter alleged to be discriminatory, an EEO Specialist/Investigator sought additional information regarding the timeliness of Plaintiff's claim of discrimination, including whether or not he had ever received EEO training or No Fear Act training. (Exhibit A-3, Agency's Request of Plaintiff for Clarification Regarding his Discrimination Complaint, Bates DHS007-DHS010.)
**Disputed with respect to the claim that plaintiff did not, in fact, contact an EEO counselor within the 45-day time frame. Because Mr. Bullock's promotion was a "personnel action," plaintiff was required to initiate contact "*within 45 days of the effective date of the action*." See 29 C.F.R. § 1614.105(a)(1) (emphasis added). The parties agree that Mr. Bullock's "effective on duty" date for his promotion over Mr. Joyner was October 14, 2018. It is undisputed that Mr. Joyner contacted the EEO counselor within 45 days of the effective date of Mr. Bullock's promotion over Mr. Joyner. Otherwise, plaintiff admits that the EEO counselor in this case sought additional information.**

12. Based on the EEO counseling and Plaintiff's formal complaint, the EEO Investigator summarized Plaintiff's claim as:

    Whether U.S. Customs and Border Protection (CBP) discriminated against Complainant, Patrol Agent in Charge (PAIC), GS-1896-13, assigned to Gulfport Station, Gulfport, MS, on the basis of race (African American) and color (Black), when, on or around August 6, 2018, he learned that he was not selected for the position of Division Chief, GS-1896-14, advertised under Job Opportunity Announcement Number: USBP-IMP-10168092-JRB (JOA 10168092).

    (*Id.*, at Bates DHS008-DHS009).
    **Admitted regarding how the investigator "identified" plaintiff's claim; disputed regarding the actual claim made by plaintiff. Plaintiff's formal EEO complaint provided October 14, 2018 as the date of the discriminatory action against him – the promotion of Mr. Bullock over Mr. Joyner to the position of Division Chief – and did not reference August 6, 2018.[1]**

---

[1] R. No. 13-2 at 6 (Plaintiff's EEO Complaint).

13. Plaintiff admitted that on August 6, 2018, he became aware that he was not selected for the position of Division Chief. (Exhibit A-4, Plaintiff's Clarification Letter and Attachments, Bates DHS012-DHS013.)
    **Disputed. Plaintiff identified October 14, 2018 as the date he became aware that he was not selected.[2] Defendant misrepresents the document it cites, in which plaintiff explains he did not know he was not selected until October 14, 2018:**

    **"I was first made aware unofficially that I was not selected during a PAIC meeting held in August 2018 when Chief Bovino mentioned that he had selected Agent Bullock. However, having seen numerous unofficial selections fail to either clear the vetting process or decline acceptance of the position, I knew that mentioning it during a meeting was not an official notification…I did not officially become aware of my non-selection until October 14, 2018 when Agent Bullock entered on duty."[3]**

    **Furthermore, plaintiff made his reasons for drawing this distinction clear, explaining that, contrary to his past experience when a position he applied for was filled, he did not receive a non-selection notification from USA Jobs.[4] He also noted that CPA Bovino did not announce whether Bullock had accepted the position, and explained, "In my career as a Border Patrol Agent (nearly 23 years), I have become acutely aware that a selection is not official until the selectee actually assumes the position. On two separate occasions during my career, I have been 'unofficially' selected for positions and have accepted; only to be informed later that another candidate had been selected 'officially.'"[5]**

14. On August 6, 2019, Plaintiff attended a staff meeting wherein Chief Bovino announced that he had filled the Division Chief position non-competitively by laterally transferring Agent Christopher Bullock. (Exhibit B-1, Declaration of Gregory Bovino, ¶ 3, Bates DHS037.)
    **Disputed. Mr. Bullock was not laterally transferred; he was *promoted* over Mr. Joyner. *See* Plaintiff's Complaint (R.1) at ¶¶ 9, 74 (submitted as testimony in this summary judgment motion pursuant to Mr. Joyner's signed declaration made under oath and filed into the record verifying the allegations in his original complaint (Rec. 16-1)). Otherwise, plaintiff admits the balance of this paragraph.**

15. Plaintiff also admitted that he was aware of the 45-day timeframe to initiate contact with an EEO counselor. (Exhibit A-4, Plaintiff's Clarification Letter and Attachments, Bates DHS013.)
    **Admitted.**

---

[2] R. No. 13-2 at 6 (Plaintiff's EEO Complaint).
[3] R. No. 13-2 at 14-15 (Plaintiff's Clarification Letter).
[4] R. No. 13-2 at 14 (Plaintiff's Clarification Letter).
[5] R. No. 13-2 at 15 (Plaintiff's Clarification Letter).

5

16. Plaintiff admitted that he had undergone No Fear Act Training, had seen EEO posters in various locations around his work, and had seen the EEO messages in the comments section of his electronic pay stub. (*Id.*, at Bates DHS014.)
**Admitted.**

17. The Office for Civil Rights and Civil Liberties ("CRCL") of DHS procedurally dismissed Plaintiff's administrative complaint because Plaintiff failed to contact an EEO counselor within the required 45-day timeframe. (Exhibit A-5, Agency's Procedural Dismissal of Plaintiff's administrative complaint, Bates DHS016.)
**Disputed, as explained above, with respect to the claim that plaintiff did not, in fact, contact an EEO counselor within the 45-day time frame. Otherwise, plaintiff admits that the CRCL gave this reason for procedurally dismissing plaintiff's administrative complaint.**

18. The CRCL identified Plaintiff's administrative claims as:

    Whether CBP discriminated against Complainant based on race (Black/African American) when, on:
    1. On May 11, 2019, Complainant learned that Job Opportunity Announcement Number: USBP-IMP-10168092-JRB (JOA 10168092, for the position of Division Chief, GS-1896-14, was cancelled and would be re-announced.
    2. On August 6, 2019, Complainant learned that JOA 10168092 would not be re-announced and that he was not afforded the opportunity to compete or given consideration for the position of Division Chief, GS-1896-14, because another individual was laterally reassigned into the position.

    (Exhibit A-5, Agency's Procedural Dismissal of Plaintiff's administrative complaint, Bates DHS016.)
    **Generally admitted as to how the CRCL identified plaintiff's claims, except (as explained above) that plaintiff's claim was not, in fact, that he learned that the job announcement was canceled on May 11, 2019 or that he learned it would not be re-announced on August 6, 2019. As described throughout this document, Mr. Joyner learned that Mr. Bullock had been officially *promoted* over him as of the effective date of the promotion – the duty date Mr. Bullock entered on duty as Division Chief – October 14, 2018.**

19. The CRCL found that the evidence presented demonstrated that on May 11, 2018, Plaintiff learned of the cancellation of the Division Chief job opportunity announcement and that Plaintiff was informed of the lateral selection on August 6, 2018. (*Id.*, at Bates DHS017.)
**Admitted that CRCL made this determination, but this fact is not material to defendant's motion for summary judgement because CRCL's determination is not relevant in this judicial proceeding regarding whether or not Mr. Joyner timely initiated EEO contact below (which he did).**

20. The CRCL also found that Plaintiff did not initiate contact with the EEO Office until November 28, 2018, 156 days and 69 days beyond the 45-day requirement to initiate EEO contact. (*Id.*)
**Admitted that CRCL made this determination, but this fact is not material to defendant's motion for summary judgement because CRCL's determination is not relevant in this judicial proceeding regarding whether or not Mr. Joyner timely initiated EEO contact below (which he did).**

21. The CRCL also held that Plaintiff failed to demonstrate that he was prevented by circumstances beyond his control from satisfying the timeliness requirement. (*Id.*)
**Admitted that CRCL made this determination, but this fact is not material to defendant's motion for summary judgement because CRCL's determination is not relevant in this judicial proceeding regarding whether or not Mr. Joyner is entitled to equitable tolling under 29 C.F.R. § 1614.105(a)(2).**

22. Plaintiff appealed the procedural dismissal of his administrative complaint to the EEOC, Office of Federal Operations. (Exhibit B-1, Agency's Opposition Brief, Bates DHS026.)
**Admitted that the Office of Federal Operations made this determination, but this fact is not material to defendant's motion for summary judgement because OFO's determination is not relevant in this judicial proceeding regarding whether or not Mr. Joyner timely initiated EEO contact below (which he did).**

23. The EEOC found that the agency had correctly determined that Plaintiff's contact with the EEO counselor concerning his claims was well beyond the 45-day limitation period. (Exhibit B-2, EEOC Decision, Bates DHS043.)
**Admitted that the Office of Federal Operations made this determination, but this fact is not material to defendant's motion for summary judgement because OFO's determination is not relevant in this judicial proceeding regarding whether or not Mr. Joyner timely initiated EEO contact below (which he did).**

24. The EEOC affirmed the agency's final decision dismissing Plaintiff's claims on the ground of untimely EEO Counselor contact. (*Id.*)
**Admitted.**

25. Plaintiff did not exhaust EEO administrative claims on any of the 26 claims of retaliatory discrimination. (Rec. Doc. 1, Complaint, ¶¶ 100, 122; Exhibit A, Declaration of Lisa Culpepper, ¶ 4.)
**Admitted that Mr. Joyner did not file individual EEO formal complaints for each of the 26 instances of retaliation against Mr. Joyner based of his original EEO formal complaint in this matter (EEO No. HS-CBP-00456-2019 filed on February 28, 2019), but disputed insofar that, in the Fifth Circuit, Mr. Joyner was not required to file subsequent, individual EEO complaints regarding these acts of retaliation because they grew out of his previously filed and exhausted EEO complaint. *See Gupta v. E. Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981) (so providing).**

Respectfully submitted,

/s/ Kevin S. Vogeltanz
Kevin S. Vogeltanz, TA (Bar #32746)
The Law Office of Kevin S. Vogeltanz, LLC
823 Carroll Street, Suite A
Mandeville LA 70448
Telephone: (504) 275-5149
Facsimile: (540) 910-1704
Email: vogeltanz@gmail.com

*Attorney for plaintiff Jon Joyner*

## LOCAL RULE 5.4 CERTIFICATION

Pursuant to Local Rule 5.4, no certificate of service is required for this document because all parties are electronic filers and will receive notice through the court's electronic filing system.

/s/ Kevin S. Vogeltanz