IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JON P. JOYNER<br><br>**Plaintiff,**<br><br>v.<br><br>CHAD WOLF, ACTING SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br><br>**Defendant.** | CIVIL NO. 2:19-CV-14234-ILRL-JCW |

**NOTICE OF RELATED CASES**

Pursuant to Local Rule 3.1, plaintiff Jon Joyner submits that his case is or may be related to the following pending case in the United States District Court for the Eastern District of Louisiana as identified and described below.

**A.   General Description of This and Related Case**

This case, *Joyner v. Wolf*, is a federal employment, Title VII case against (in substance) the Department of Homeland Security, Customs and Border Protection, Office of the United States Border Patrol ("USBP"). Mr. Joyner (Black) alleges, first, that he applied for a particular promotion to the position of Division Chief here in New Orleans, and that the decision-maker in his case, Chief Patrol Agent Gregory Bovino (White), did not select Mr. Joyner, but instead unlawfully selected a less qualified agent named Christopher Bullock (White) based on Mr. Joyner and Mr. Bullock's race. Thus, in his federal complaint, Joyner asserts a claim for disparate-treatment discrimination based on race under Title VII against USBP.

In his complaint, Mr. Joyner also asserts 26 additional causes of action for unlawful retaliation under Title VII, alleging that USBP engaged in a pattern of disparate-treatment retaliation against Mr. Joyner because he filed the original EEO complaint in his case, ultimately

not selecting Mr. Joyner for 26 different promotions he applied for subsequent to filing that EEO action. Mr. Joyner asserts that CPA Bovino or other senior decision-makers at USBP headquarters in Washington, D.C. (or both) were the decision-makers responsible for his retaliatory non-selections for promotion.

Similarly, Mr. Joyner's case is or may be related to another pending Title VII case against USBP. Mr. Joyner's colleague at USBP, Randolph Williams (Black), also applied for the same Division Chief promotion as Mr. Joyner. CPA Bovino selected Mr. Bullock over Mr. Williams as well, and Mr. Williams also filed a federal lawsuit in this Court against USBP asserting a claim for disparate-treatment discrimination based on race under Title VII. However, Mr. Williams did not assert additional claims for disparate-treatment retaliation like Mr. Joyner did.

Mr. Joyner's case is styled *Joyner v. Wolf*, No. 2:19-cv-14234-ILRL-JCW.

Mr. Williams case is styled *Williams v. McAleenan*, No. 2:19-cv-12841-GGG-DMD.

Undersigned counsel represents both Mr. Williams and Mr. Joyner in both cases.

**B.    Procedural Posture of This and Related Case**

Mr. Williams filed his federal complaint first on September 26, 2019. USBP answered the complaint on February 18, 2020. Thereafter, on March 17, 2020, USBP filed a motion for summary judgment arguing that Mr. Williams did not timely initiate the EEO process, and so his federal lawsuit should be dismissed. Plaintiff timely filed his opposition to USBP's dispositive motion, arguing that the clear facts and law of the case indicate that Mr. Williams did timely initiate contact. The parties are presently awaiting a ruling from the *Williams* court on the motion. Meanwhile, the parties in *Williams* been engaged in discovery as per the *Williams* court's scheduling order. Discovery is set to close on July 13, 2020.

Mr. Joyner filed his federal complaint second on December 7, 2019. USBP answered on April 6, 2020. In contrast to *Williams*, however, this Court has not yet issued a scheduling order, and discovery has not yet begun. However, on April 21, 2020, USBP filed an essentially identical motion for summary judgment as it did in *Williams*, identically arguing that Mr. Joyner did not timely initiate the EEO process, and so his federal lawsuit should be dismissed along with his 26 claims of retaliation growing out of his original EEO complaint. Plaintiff timely filed his opposition to USBP's dispositive motion, again arguing that the clear facts and law of this case indicate that Mr. Joyner did timely initiate contact. The parties are presently awaiting the this Court's ruling on the motion.

**C.     Basis for the Relatedness of the Cases**

Local Rule 3.1 provides that two cases may be related when one case "involves subject matter that comprises all or a material part of the subject matter or operative facts of another action." The cases in *Williams* and *Joyner* are not related insofar as Mr. Joyner makes 26 additional claims of disparate-treatment retaliation against USBP that Mr. Williams does not, but the cases are related in that, regarding both the disparate-treatment discrimination claims asserted by Mr. Joyner and Mr. Williams, both men identically assert that CPA Gregory Bovino unlawfully selected a less-qualified candidate for the Division Chief position, Christopher Bullock, based on race. Likewise, on March 17 and April 21, 2020, USBP filed motions for summary judgment in both cases making an identical argument that Mr. Williams and Mr. Joyner did not timely initiate the EEO process in their respective cases (a claim which, again, Mr. Williams and Mr. Joyner timely opposed, the facts and law of their cases clearly indicating that EEO contact was timely initiated).

**D.      Conclusion**

Accordingly, out of abundance of caution, and particularly to avoid any inconsistent, preclusive, or dispositive rulings on USBP's recently filed motions for summary judgment in *Williams* and *Joyner* on the same issues of fact and law, plaintiff asserts that his case, *Joyner v. Wolf*, No. 2:19-cv-14234-ILRL-JCW, is or may be related to *Williams v. McAleenan*, No. 2:19-cv-12841-GGG-DMD.

> Respectfully submitted,
>
> /s/ Kevin S. Vogeltanz
> Kevin S. Vogeltanz, TA (Bar #32746)
> The Law Office of Kevin S. Vogeltanz, LLC
> 823 Carroll Street, Suite A
> Mandeville LA 70448
> Telephone: (504) 275-5149
> Facsimile: (540) 910-1704
> Email: vogeltanz@gmail.com
>
> *Attorney for plaintiff Jon Joyner*

**LOCAL RULE 5.4 CERTIFICATION**

Pursuant to Local Rule 5.4, no certificate of service is required for this document because all parties are electronic filers and will receive notice through the court's electronic filing system.

> /s/ Kevin S. Vogeltanz