UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JON P. JOYNER | CIVIL ACTION |
| VERSUS | NO: 19-14234 |
| CHAD WOLF, ACTING SECRETARY<br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY | SECTION "T" (__) |

## ORDER

Before the Court is a Motion for Reconsideration filed by the United States Department of Homeland Security ("Defendant").[1] Plaintiff timely filed a response in opposition.[2] For the following reasons, the Motion to Reconsider is **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This matter involves allegations of discrimination in the workplace brought pursuant to Title VII against the United States Department of Homeland Security. After a white comparator was laterally transferred to fill a vacant Supervisory Border Patrol Agent position to which Plaintiff had applied, Plaintiff sued claiming he was not selected because of his race.[3] The Court adopts by reference the detailed factual background recounted in the previous Order denying Defendant's Motion for Summary Judgment.[4] Following the denial, Section T received this case on transfer,[5] and Defendant filed the instant Motion to Reconsider.[6]

---

[1] R. Doc. 28.
[2] R. Doc. 29.
[3] R. Doc. 1 at 1.
[4] R. Doc. 27, at 1-4.
[5] R. Doc. 30.
[6] R. Doc. 28.

1

Defendant previously moved for summary judgment citing Plaintiff's alleged failure to timely contact an EEO counselor about his discrimination claim.[7] The Court identified several disputed issues of genuine material fact and denied summary judgment.[8] In the instant Motion, Defendant argues that reconsideration is necessary to correct a "manifest error of law."[9] Defendant highlights the sworn, unchallenged testimony of Chief Patrol Agent Gregory Bovino in arguing the subject position was filled non-competitively and, as a result, Plaintiff failed to timely contact an EEO counselor because his complaint is not based on a personnel action.[10] Because Plaintiff offered no evidence to refute this statement, Defendant avers the Court erred in finding the existence of a disputed material fact.[11] Plaintiff primarily counters by asserting Defendant's Motion fails because it only challenges one of the Court's findings of disputed material fact.[12]

## LAW AND ANALYSIS

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider.[13] A Rule 59(e) motion calls into question the correctness of a judgment,[14] properly invoked to correct manifest errors of law or fact or to present newly discovered evidence.[15] Courts may also consider whether the motion is necessary to prevent injustice and whether granting the motion is justified by an intervening change in controlling law.[16] A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's

---

[7] R. Doc. 27 at 3; 29 C.F.R. § 1614.105 ("Before a federal civil servant can sue his employer for violating Title VII, he must, among other things, initiate contact with an Equal Employment Opportunity ("EEO") counselor at his agency within 45 days of the date of the matter alleged to be discriminatory.").
[8] *See* page 4, *infra*.
[9] R. Doc. 28-1 at 2.
[10] R. Doc. 28-1 at 3.
[11] *Id*. at 3-4.
[12] R. Doc. 29 at 4.
[13] *Bass v. United States Dep't of Agric*., 211 F.3d 959, 962 (5th Cir. 2000); see also *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).
[14] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).
[15] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).
[16] *Gulf Fleet Tiger Acquisition, LLC, v. Thoma-Sea Ship Builders, LLC,* 282 F.R.D. 146, 152 (E.D. La. 2012).

dissatisfaction.[17] Moreover, they cannot be used to argue a case under a new legal theory.[18] District courts have considerable discretion to grant or deny a Rule 59(e) motion for reconsideration.[19]

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating on the basis of race, color, religion, sex, or national origin, or retaliating against their employees for opposing or seeking relief from such discrimination.[20] Before a federal civil servant can sue his employer for violating Title VII, he must, among other things, consult an Equal Employment Opportunity ("EEO") counselor prior to filing a complaint in order to try to informally resolve the matter.[21]

In this case, the parties disagree as to which regulatory clause Plaintiff's complaint falls under. Specifically, the question is whether Plaintiff's claim falls within the "matter alleged to be discriminatory" clause or whether the claim is based on a discriminatory personnel action. The distinction is relevant to the date on which the 45-day statute of limitations period begins and is thus determinative as to Plaintiff's right to proceed with this lawsuit.

When the grievance is based on a discriminatory personnel action, the employee must initiate contact with an EEO counselor within 45 days of the effective date of the personnel action.[22] When the claim is based on the broader catch-all "matter alleged to be discriminatory" clause, the aggrieved employee must contact the EEO counselor within 45 days of the date of the employer's alleged discriminatory action.[23] The Supreme Court has applied a notice standard to the latter scenario which often leads to an earlier commencing of the 45-day period.[24]

---

[17] *In re Self,* 172 F. Supp. 2d 813, 816 (W.D. La. 2001).
[18] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990) (*citing Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).
[19] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 353 (5th Cir. 1990).
[20] 42 U.S.C. § 2000 *et seq*. (1964).
[21] R. Doc. 27 at 5; 29 C.F.R. § 1614.105.
[22] *Id*.
[23] *Id*.
[24] *Green v. Brennan*, 136 S. Ct. 1769, 1776 (2016).

The Court identified the lateral transfer of Mr. Bullock over Plaintiff as the alleged unlawful practice and concluded that Plaintiff's cause of action *could* fall under the personnel clause.[25] Viewing these allegations in the light most favorable to Plaintiff, the Court reasoned that Plaintiff may have timely contacted a counselor within the 45-day limitations period.[26] The Court also accepted Plaintiff's assertion questioning whether he affirmatively believed that Bullock had been promoted at the time of the announcement. Plaintiff supported this contention based on previous experiences within the agency where announcements were made but never realized because of candidate shortfalls during vetting and final approval processes.[27] Thus, the Court found multiple, genuine issues of material fact precluding summary judgment.

Upon review, the Court finds no justification under Rule 59(e) for reversing or altering the Court's previous Order denying summary judgment.[28] As Plaintiff correctly points out, the previous Order denied summary judgment on at least two disputed issues of material fact, one of which Defendant did not address in the instant Motion.[29] The Court agrees with the previous Order that a genuine dispute exists regarding 1) when Joyner definitely learned that Bullock had been promoted; and 2) whether the Division Chief position was competitively filled. Here, Defendant only challenges the second issue and, even if the Court were to consider this fact-based argument, Rule 59(e) does not afford the opportunity to relitigate prior matters that could have or should have

---

[25] R. Doc 27 at 9 ("However, if Plaintiff can show that the Division Chief position was competitively filled and that Bullock was promoted over Plaintiff, Plaintiff may have a personnel action and may be within his 45-day limitations period to contact an EEO counselor.")
[26] *Id*.
[27] *See e.g. Id*. at 10-11. ("…whether the Division Chief position was competitively filled and whether Bullock was promoted over plaintiff or laterally moved are genuine issues of material fact that preclude summary judgment.").
[28] Fed. R. Civ. P. 59(e).
[29] R. Doc. 29 at 1,

been raised earlier.[30] Accordingly, Defendant's Motion offers no recourse for the Court to reconsider the previous Order under Rule 59(e).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Reconsideration is **DENIED**.[31]

New Orleans, Louisiana, this 12th day of August, 2021.

*[signature]*

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[30] *In re Self,* 172 F. Supp. 2d 813, 816 (W.D. La. 2001); *see also Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (*citing Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[31] R. Doc. 28.